UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COBY M. McGOWN,

            Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

            Defendant.

CASE NO. C16-1828-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Coby M. McGown proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1987.[1] He has an 11th-grade education, and has worked as

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

an RV detailer, pizza deliverer, and janitor. (AR 53-54, 245.)

Plaintiff protectively applied for SSI in July 2013. (AR 199-214, 230.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 115-22, 128-36.)

On December 22, 2014, ALJ Kimberly Boyce held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 45-86.) On April 21, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 26-38.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on September 28, 2016 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since July 10, 2013, the alleged onset date. (AR 28.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's asthma, affective disorder, obsessive-compulsive disorder, attention deficit hyperactivity disorder, borderline cognitive ability, and anxiety disorder. (AR 28-29.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 29-31.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing medium work, as defined in 20 C.F.R. § 416.967(c), with additional limitations. He cannot perform work requiring concentrated exposure to fumes, odors, dusts, gases, and/or poor ventilation. He can perform unskilled, routine, and repetitive tasks that do not require a written work product or reference to written instructions. He can cope with occasional work-setting changes and occasional interaction with supervisors. He can perform work that does not require interaction with the general public as an essential element of the job, but occasional, incidental contact with the general public is not precluded. (AR 31.)

Plaintiff does not have any past relevant work, so the ALJ proceeded to step five, where the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of performing representative occupations, including clean-up worker/janitor, laundry worker, and cleaner housekeeper. (AR 36-37.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective testimony, and (2) assessing the medical opinion evidence, and that these errors should be remedied by a remand for a finding of disability, or, in the alternative, further proceedings. Dkt. 14 at 1-2. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed, and that if it is remanded, it should be remanded for further proceedings.

Plaintiff's subjective testimony

The ALJ discounted Plaintiff's subjective testimony for several reasons: (1) his allegations were contradicted by the medical evidence, (2) he made inconsistent statements regarding his limitations, (3) his activities are inconsistent with his alleged limitations, (4) he was not using his asthma medication as prescribed, and (5) his hearing testimony suggested a secondary gain motivation for seeking benefits. (AR 32-34.) In the Ninth Circuit, and ALJ's reasons to discount a claimant's subjective statements must be clear and convincing. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff characterizes the ALJ's findings as "brief" and "boilerplate," and argues that his "statements about his activities and purported inconsistencies in [his] statements [regarding] interacting with others at work in the past cannot be the sole factors for finding the claimant not disabled." Dkt. 14 at 17.

As an initial matter, Plaintiff is incorrect that inconsistent statements and activities cannot support an ALJ's rejection of a claimant's subjective testimony. *See Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ appropriately considers inconsistencies in claimant's testimony when weighing those statements).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

Furthermore, the ALJ in this case did not rely solely on evidence related to Plaintiff's activities and his inconsistent statements related to why his previous jobs ended. The ALJ also detailed contradiction with the medical record, non-compliance with medication, and secondary gain concerns in light of Plaintiff's testimony that he hoped to use his benefits payments to purchase a camera and sell photography. (AR 32-24.) Those unchallenged[2] reasons support the ALJ's findings regarding Plaintiff's subjective testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (holding that an ALJ may rely on an unexplained or inadequately explained failure to seek or follow treatment recommendations, in evaluating a claimant's subjective testimony); *Burrell*, 775 F.3d at 1139-40 (holding that an ALJ may consider a claimant's secondary gain motivation in evaluating the claimant's subjective statements).

Therefore, even if, as Plaintiff contends, the ALJ erred in relying on evidence related to his activities and inconsistent statements about his social limitations, the ALJ's other reasons support the ALJ's discounting of Plaintiff's subjective statements and remain valid despite the erroneous reasons. Any error is therefore harmless. *See Carmickle*, 533 F.3d at 1162-63.

### Medical opinion evidence

Plaintiff challenges the ALJ's assessment of medical opinion evidence, specifically

---

[2] Plaintiff argues that the ALJ misconstrued his hearing testimony about his desire to use his benefits payments to buy a camera to further a photography career, calling this testimony "wishful statements[,]" but not evidence that he could perform full-time work. Dkt. 14 at 17. The ALJ did not cite this testimony as evidence of an ability to perform full-time work, but as evidence of a secondary gain motivation. (*See* AR 33 (referencing AR 65).) Thus, to the extent that Plaintiff does challenge the ALJ's reliance on this testimony, Plaintiff's arguments are not persuasive.

opinions provided by treating[3] psychologist Harriet Yurchak, Ph.D., MSW. (AR 338-43, 354-59, 434-.) The ALJ gave little weight to Dr. Yurchak's opinions because her conclusions were not "adequately reconcil[ed]" with the medical evidence or Plaintiff's activities, and instead appear to rely on Plaintiff's self-reporting. (AR 35.) The ALJ found that Dr. Yurchak's opinions also contain generalized statements that are inconsistent with the record, and that she referred to her own treatment notes (which she refused to provide) as "very general." (AR 35.) The ALJ noted that although Dr. Yurchak offered an opinion about Plaintiff's physical functioning, she neither treated nor evaluated his physical health. (*Id.*) The ALJ also found that Dr. Yurchak's opinions addressed a timeframe beyond the scope of the adjudicated period; Dr. Yurchak referenced limitations that existed when Plaintiff was in grade school. (*Id.*) Lastly, the ALJ found that Dr. Yurchak's opinions addressed the least, rather than the most, Plaintiff can do, and the opinions therefore have limited relevance for determining Plaintiff's RFC. (*Id.*)

Plaintiff also challenges the ALJ's assessment of an opinion written by examining psychologist Margaret Cunningham, Ph.D. (AR 299-317.) The ALJ gave little weight to Dr. Cunningham's opinion because she found it inconsistent with Plaintiff's ability to play basic and complex video games on a daily basis, interact with others via computer, and maintain a romantic relationship for two years. (AR 34-35.) The ALJ also found that Dr. Cunningham accepted nearly all of Plaintiff's self-reports at face value, which is problematic because the ALJ found that Plaintiff's self-report was not entirely credible. (AR 35.) The ALJ found that greater weight

---

[3] Plaintiff notes that the ALJ erroneously referred to Dr. Yurchak as a consultative provider, rather than a treating provider. (*See* AR 35.) The ALJ did, however, reference Dr. Yurchak's description of her treatment records (AR 35 (citing AR 447)), which indicates that the ALJ was aware of Dr. Yurchak's true status. Furthermore, this scrivener's error is harmless because the same standard would apply to Dr. Yurchak's opinions whether she was a treating or examining source. The Commissioner argued the same in her brief (Dkt. 15 at 6 n.3) and Plaintiff did not file a reply brief.

should be given to the State agency reviewing consultants, who had access to more of the record. (*Id.*)

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ provided specific and legitimate reasons to discount Dr. Yurchak's opinions. Dr. Yurchak described Plaintiff as unable to interact with co-workers or maintain attention and concentration for extended periods of time (AR 354-55), yet Plaintiff maintained a two-year-long romantic relationship, interacted with people on social media, played video games every day, followed recipes to cook meals, visited the library, and used a digital camera. (*See* AR 56, 60-63, 65-67, 223, 226.) The ALJ did not err in finding these activities to be inconsistent with the limitations indicated by Dr. Yurchak.

Dr. Yurchak's opinion reports are also replete with quotations from Plaintiff's self-report as well as summaries of his self-report. (AR 339-43, 357-59, 436-40.) In light of the ALJ's proper finding that Plaintiff's subjective testimony is not entirely credited (for the reasons explained *supra*), the ALJ did not err in discounting Dr. Yurchak's opinions for their reliance on Plaintiff's self-reporting. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were

based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

The ALJ also noted that Dr. Yurchak addressed Plaintiff's physical functioning, even though she did not treat his physical symptoms or perform any testing. (*See* AR 339-40, 435.) Dr. Yurchak also referenced unspecified physical "challenges" that render Plaintiff unable to work. (AR 343, 436.) The ALJ did not err in finding that Dr. Yurchak lacked the foundation to address Plaintiff's physical functioning. *See* 20 C.F.R. § 416.927(c)(2)(ii) (providing that an ALJ may consider a provider's area of expertise in evaluating his or her opinion).

The ALJ also did not err in finding that Dr. Yurchak's references to limitations that existed during Plaintiff's childhood were not probative as to the ALJ's inquiry, or that Dr. Yurchak's opinions did not address the most that Plaintiff could do. Because an RFC assessment represents that the most a claimant can do during the adjudicated period (see Social Security Ruling 96-8p, 1996 WL 374184 (Jul. 2, 1996)), the ALJ properly considered the relevance of Dr. Yurchak's conclusions in light of the scope of the ALJ's inquiry.

For all of these reasons, the ALJ did not err in discounting Dr. Yurchak's opinions. Although Plaintiff suggests that the contrary State agency opinions do not justify discounting Dr. Yurchak's opinions (Dkt. 14 at 11), the ALJ did not cite State agency opinions as a reason to discount Dr. Yurchak's opinions. Instead, the ALJ provided specific, legitimate reasons to do so, and accordingly, did not err.

Similarly, the ALJ did not err in discounting Dr. Cunningham's opinion, which was rendered after a one-time evaluation without access to other records. (*See* AR 299.) The ALJ identified Plaintiff's activities that were inconsistent with the limitations specified by Dr.

Cunningham (AR 35), and Dr. Cunningham's opinion report was replete with quotations from and references to Plaintiff's self-report. (*See* AR 299-303.) Although some sections of Dr. Cunningham's report referenced clinical findings, the ALJ did not err in discounting the parts that referenced only Plaintiff's self-report. (AR 34-35.) These are specific, legitimate reasons to discount Dr. Cunningham's report.

Although Plaintiff argues the ALJ erred in affording significant weight to State agency opinions because they were rendered at a time when the record was not complete (Dkt. 14 at 14), the ALJ explicitly and appropriately considered whether those opinions were considered with the remainder of the objective evidence as well as Plaintiff's activities. (AR 34.) Accordingly, Plaintiff has not shown that the ALJ erred in assessing the opinions of Drs. Yurchak or Cunningham, or the State agency consultants. The ALJ's assessment of the medical opinion evidence is affirmed.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 12th day of July, 2017.

Mary Alice Theiler
United States Magistrate Judge